IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 6:10-cv-00939-ACC-KRS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KATHY BENTLEY MILTON (A/K/A KATHY A. MILTON) | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | / | |

**MOTION TO ENLARGE TIME TO SERVE
COMPLAINT AND SUMMONS ON DEFENDANT**

The United States of America, through undersigned counsel, respectfully requests the Court enlarge the time for the Government to serve Defendant Kathy Milton with the Complaint and summons for an additional sixty (60) days. The reasons for the requested extension are as follows:

1.  The Government filed the instant Complaint on June 18, 2010 to reduce defendant Kathy Milton's assessed federal income tax liabilities to a judgment. The Clerk of the Court issued a summons to Kathy Milton on June 21, 2010.

2.  The Government sent the summons and a copy of the Complaint on June 30, 2010 to Revenue Officer Daniel Haber to effect service on Kathy Milton. Revenue Officer Haber attempted service at Mrs. Milton's residence in Titusville, Florida, but the residence was unoccupied. Revenue Officer Haber called Mrs. Milton's husband and found out that they were in Nevada. According to Mr. Milton, his wife, Kathy, was in the hospital in

Nevada, and he did not know when they would return to Florida.

3.     Undersigned counsel spoke with Mr. Milton in early July 2010.  Although Mr. Milton would not disclose their address in Nevada, he stated that his wife would waive service of the summons and the complaint.  He suggested that undersigned counsel send the waiver to their residence in Florida and then the post office would forward the waiver to them in Nevada.  On July 7, 2010, undersigned counsel sent the waiver of service along with the appropriate documents to the Miltons' Florida address.  Counsel also sent Mr. Milton a copy of all the documents to his email address, which he provided during the telephone conversation.

4.     Kathy Milton failed to return the waiver of service within thirty days as set forth in the Notice of Lawsuit and Request to Waive Service of a Summons.  Undersigned counsel attempted, without success, to contact Mr. Milton several times via the telephone and electronic mail throughout the month of August.  As a result, counsel contacted the post office in Titusville, Florida to obtain the Miltons' forwarding address.  The Miltons are having their mail forwarded to an apparent post office box in Pahrump, Nevada.

5.     In early September, counsel was able reach Mr. Milton.  Mr. Milton stated that his wife was still hospitalized in Nevada.  He admitted that they received the documents but had not yet signed the waiver.  Counsel agreed to send Mrs. Milton an updated waiver of service, since the original thirty days to return the waiver had passed.

6.     To date, undersigned counsel still has not received the waiver of service.  Counsel spoke with Mr. Milton who stated that they sent the signed waiver to the Government on October 1, 2010.  Mr. Milton also stated that Mrs. Milton has been released from the hospital but they will remain in Nevada for additional tests.  Counsel asked Mr. Milton to fax a copy of

the signed waiver, but has received no response from Mr. Milton.

7. The Government requests an extension of 60 days to serve Kathy Milton the summons and the Complaint. If Mrs. Milton has not sent the executed waiver of service, the United States will attempt to personally serve Mrs. Milton in Nevada.

8. Under Federal Rule of Civil Procedure 6(b)(1), the court may extend the time to act, e.g. serve the defendant the summons and complaint, for "good cause." In this case, the Government has good cause for requesting an extension to serve Mrs. Milton. The Government has acted diligently in this matter. The Government attempted personal service at the Miltons' residence in Florida, but found out that Mrs. Milton was in a hospital in Nevada. Although Mr. Milton refused to disclose their exact whereabouts, he stated that Mrs. Milton would waive service of the summons and complaint. On that note, Mr. Milton stated that he, in fact, sent the waiver of service to undersigned counsel on October 1st. Unfortunately, counsel still has not received such waiver. Although the Government has attempted to work with the Miltons, the Government will attempt personal service in Nevada (now that Mrs. Milton is no longer in the hospital) if counsel does not receive the executed waiver by October 22, 2010.

9. Moreover, the Government notes that the statute of limitations on the collection of Mrs. Milton's income tax liabilities was originally set to expire on July 3, 2010. The commencement of this case (assuming judgment is entered in the government's favor) extended that deadline until Mrs. Milton's liability is satisfied or becomes unenforceable. See 26 U.S.C. § 6502(a). If this case is dismissed for failure to serve, the Government will be unfairly prejudiced and will be unable to pursue collection against Mrs. Milton.

WHEREFORE, the undersigned counsel respectfully requests the Court enlarge the time for the Government to serve Defendant Kathy Milton with the Complaint and summons for an additional sixty (60) days.

Dated: October 15, 2010

        Respectfully submitted,

        JOHN A. DICICCO
        Acting Assistant Attorney General

By: /s/ Mara A. Strier
    MARA A. STRIER
    Florida Bar No. 644234
    Trial Attorneys, Tax Division
    U.S. Department of Justice
    Post Office Box 14198
    Ben Franklin Station
    Washington, D.C.  20044
    Telephone: (202) 514-5886
    Fax: (202) 514-9868
    mara.a.strier@usdoj.gov

    Of Counsel:

    ROBERT E. O'NEILL
    United States Attorney